UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                      Plaintiff,

                                                                           <u>DECISION AND ORDER</u>

                                                                           05-CR-6062L

                      v.

CARLOS TORRES,
JESSIE MCINTYRE,
FREDERICK ROLLE,
ONEL MEDINA-SOSA,

                      Defendants.
_____

       This Court referred all pretrial motions in this criminal case to United States Magistrate Judge Marian W. Payson, pursuant to 28 U.S.C. § 636. Four defendants, Carlos Torres ("Torres"), Jessie McIntyre ("McIntyre"), Frederick Rolle ("Rolle") and Onel Medina-Sosa ("Medina-Sosa"), were indicted for narcotics and firearms offenses. Since the return of the indictment, defendant Rolle pleaded guilty on May 10, 2006, and the Government had previously advised Magistrate Judge Payson that it intended to dismiss the indictment against McIntyre, although that apparently has not yet occurred.

       Defendants Torres and Medina-Sosa have filed several motions. Torres seeks disclosure of the confidential informant. Medina-Sosa moves to suppress statements and both defendants move to suppress tangible physical evidence. By Decision and Order/Report and Recommendation, Magistrate Judge Payson denied the motion to disclose the confidential informant and recommended that both defendants' motions to suppress be denied.

       Magistrate Judge Payson granted the defendants additional time within which to file objections. Defendant Medina-Sosa filed objections on April 24, 2006; defendant Torres filed objections on March 10 and May 2, 2006.

I have carefully reviewed Magistrate Judge Payson's lengthy, 38-page, Decision/ Report and Recommendation. I have also reviewed the objections filed by Torres and Medina-Sosa, and I also have the transcript of the suppression hearing and the *Franks* hearing.[1]

For the reasons that follow, I affirm Magistrate Judge Payson's decision denying disclosure of the confidential informant, and I adopt her Report and Recommendation that both defendants' motions to suppress physical evidence and statements be denied.

Magistrate Judge Payson's Decision/Report and Recommendation goes into great detail concerning the procedures surrounding the application for the search warrant of 735 Parsells Avenue, Rochester, New York on April 20, 2005. The officers also obtained a search warrant for a 1994 Ford Bronco parked in the driveway of 735 Parsells Avenue.

Magistrate Judge Payson also discussed facts surrounding the statements made by Torres as well as matters elicited at the *Franks* hearing. I need not repeat here what Magistrate Judge Payson has set forth in great detail concerning the facts. I believe these facts, as set forth by Magistrate Judge Payson, are supported by the transcripts and materials submitted at the suppression hearing.

**CONFIDENTIAL INFORMANT.**

Defendant Torres seeks disclosure of the confidential informant who provided information for the search warrant. The Government opposed the motion on the grounds that such disclosure would endanger the informant. Informants need be disclosed if they are essential or material to the defense and without such disclosure defendant would be denied a fair trial. I agree with Magistrate Judge Payson that Torres has failed to show how disclosure of the informant's identity would be material to his defense. The informant was not a witness to the seizures and apparently did not make any controlled purchases from 735 Parsells Avenue or from Torres. Magistrate Judge Payson noted that there has been extensive discovery, in part because of the pretrial hearings in the case. There is

---

[1] *Franks v. Delaware,* 438 U.S. 154 (1978).

little need to obtain the confidential informant's identity to obtain further discovery to defend the indictment.

In sum, Magistrate Judge Payson sets forth the facts and the law concerning the request for the identity of the confidential informant, and I agree with her assessment that disclosure is not required and, therefore, I affirm her decision denying disclosure.

**SUPPRESSION OF EVIDENCE SEIZED FROM 735 PARSELLS AVENUE.**

Defendant Torres moves to suppress evidence seized at 735 Parsells Avenue pursuant to a search warrant signed by City Court Judge Ellen Yacknin. Torres challenges the sufficiency of the affidavit submitted by Rochester Police Officer Robinson Aponte. Torres challenges the sufficiency of the affidavit, especially that part which relies on information from a confidential informant.

Magistrate Judge Payson disagreed with the defendant's contention, and I do as well. I believe that the affidavit was sufficient, that it did establish probable cause, and that there is no basis to suppress evidence. Magistrate Judge Payson described in some detail the contents of the affidavit, as well as Aponte's testimony at the suppression hearing. Magistrate Judge Payson determined that the affidavit was more than sufficient and then considered whether Aponte knew that the affidavit contained false information or recklessly disregarded the falsity. I believe the affidavit adequately described defendant Rolle's activities, and the fact Rolle started to make one statement and then abruptly changed his tack and began cooperating with law enforcement. I believe, as did Magistrate Judge Payson, that Aponte adequately explained why the first, very brief statement, which was essentially recanted by Rolle, was not disclosed to Judge Yacknin. I agree with Magistrate Judge Payson that there is no basis to conclude that Aponte knowingly relied upon or recklessly disregarded false information or that he intentionally misled Judge Yacknin.

I also agree with Magistrate Judge Payson that there is no reason why the good faith exception to suppression as enunciated by the United States Supreme Court in *United States v. Leon,* 468 U.S. 897 (1984) should not apply here. The officers who applied for the search warrant had

every reason to expect that once obtained, they were justified in searching the Parsells Avenue premises. I agree with Magistrate Judge Payson's assessment that the standards for applying *Leon* have been met, and that is a further reason to deny Torres' motion to suppress physical evidence.

**EVIDENCE SEIZED FROM FORD BRONCO.**

Both Torres and Medina-Sosa seek to suppress cocaine seized from the Bronco on several grounds. First of all, I agree with Magistrate Judge Payson that Torres has failed to demonstrate standing. In other words, under applicable authority, he has failed to demonstrate that he has a reasonable expectation of privacy in the Bronco automobile merely because it was parked in his driveway.

Magistrate Judge Payson noted that Torres did not provide any legal authority to support his view of the privacy issue involved. The co-defendant, Medina-Sosa, was sitting in the driver's seat of the vehicle and had control over its operation. There is no evidence that Torres owned the vehicle or had any other legal interest or title to it. The Government does not question that Medina-Sosa has standing, but Torres does not appear to have met the basic requirements for challenging the search of the vehicle. Therefore, I agree with Magistrate Judge Payson that Torres' motion to suppress should be denied on that basis.

Medina-Sosa contends that his detention for approximately 15 minutes at the scene was improper and therefore what resulted thereafter should be suppressed. The officers did detain Medina-Sosa, did some investigation of the vehicle and then obtained a search warrant for it. Magistrate Judge Payson discussed at length the authority of the police to detain individuals for a brief period under several theories, including *Terry v. Ohio,* 392 U.S. 1 (1968). I agree with the detailed summary of the facts in this case and the authority justifying the officers' conduct relating to Medina-Sosa. I further see no reason to modify Magistrate Judge Payson's finding that Medina-Sosa consented to the officers initial search of the Bronco. It has not been demonstrated that such a consent was coerced or involuntary. After obtaining his consent, the officers did some initial

investigation of the Bronco but when they discovered what appeared to be a hidden panel, they obtained a narcotics dog who alerted on the car and then proceeded to get a search warrant from Rochester City Court Judge John Elliott. There is no basis to suppress the evidence seized from that Ford Bronco.

### MEDINA-SOSA STATEMENTS.

After Medina-Sosa was arrested, he was removed from the Bronco and transported to the Monroe County Public Safety Building. Magistrate Judge Payson sets forth in detail the proceedings concerning law enforcement contact with Medina-Sosa there. It appears without contradiction, that Medina-Sosa was advised of his full *Miranda* rights, that he understood those rights, and voluntarily agreed to waive them. Magistrate Judge Payson found that the *Miranda* warnings were read in Spanish by an officer fluent in Spanish. In sum, I agree with the analysis of Magistrate Judge Payson concerning the voluntary nature of the statements and the fact that they were made in full compliance with the requirements of *Miranda*.

### CONCLUSION

I affirm the decision of United States Magistrate Judge Marian W. Payson denying defendant Carlos Torres' motion for disclosure of the informant (Dkt. # 41).

I accept and adopt the Report and Recommendation of Magistrate Judge Payson (Dkt. #108). Defendant Carlos Torres and Onel Medina-Sosa's motion to suppress tangible evidence (Dkt. ##26, 41) are denied; defendant Onel Medina-Sosa's motion to suppress statements (Dkt. #26) is also denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 30, 2006.